Benjamin D. Andreozzi, Esq.
Arizona Bar No. 032636
Nathaniel L. Foote, Esq. (admitted pro hac vice)
Ashley Ventrillo, Esq. (admitted pro hac vice)
**ANDREOZZI + FOOTE**
4503 North Front Street
Harrisburg, PA 17110
(t) 717-525-9124
(f) 717-525-9143
TeamD@vca.law
*Attorneys for the Plaintiff I.G.*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

I.G.,

Plaintiff,

v.

MOTEL 6 OPERATING L.P., G6 HOSPITALITY LLC d/b/a MOTEL 6,

Defendants.

No.2:25-cv-03836-JJT

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff I.G., through counsel Andreozzi + Foote, asks the Court for leave to proceed under her initials in all public filings. Plaintiff alleges that her traffickers sold her for sex at Defendants' motel while she was a child. Public disclosure of her name would expose her to retaliation from the trafficker who threatened her with violence. Disclosure would also attach the permanent stigma of sex trafficking to her name. Plaintiff will disclose her identity to Defendants under a protective order, so Defendants suffer no prejudice.

Defendants do not presently oppose this motion, though Defendants reserve the right to object to Plaintiff proceeding under a pseudonym if they learn of new information undermining Plaintiff's stated reasons for proceeding pseudonymously, and they reserve the right to oppose the use of a pseudonym at trial.

## I. ARGUMENT

***The Ninth Circuit Permits Anonymity When the Need Outweighs Prejudice and the Public Interest.***

Federal Rule of Civil Procedure 10(a) creates a presumption that parties litigate under their real names. The Ninth Circuit departs from that presumption in the "unusual case" when nondisclosure "is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). A party may proceed anonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The presumption is "loosely related" to the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). District courts have broad discretion to decide whether a party may proceed anonymously. *Advanced Textile*, 214 F.3d at 1068.

Courts have permitted pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. The first two apply here.

When a party seeks anonymity to avoid retaliation, the court weighs five factors:

1. The severity of the threatened harm
2. The reasonableness of the anonymous party's fears
3. The anonymous party's vulnerability to retaliation
4. The prejudice to the opposing party
5. The public interest

*Id*. at 1068.

**A. Plaintiff Faces Severe Threatened Harm, Her Fear Is Reasonable, and She Is Vulnerable to Retaliation.**

Plaintiff's trafficker threatened her with severe bodily injury or death and physically abused her, at times within sight and earshot of motel staff. Plaintiff does not need to prove that her trafficker intends to carry out those threats. "What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Advanced Textile*, 214 F.3d at 1071.

The Ninth Circuit held that a district court errs when it refuses to consider evidence of threatened retaliation by parties not before the court. *See id.* Plaintiff's trafficker is not a party to this case, but his threats are the kind of retaliation courts must weigh. Those threats, and Plaintiff's continuing fear of them, meet the Ninth Circuit's threshold, which requires both a fear of severe harm and a reasonable basis for that fear. *Kamehameha*, 596 F.3d at 1043.

Courts in this Circuit find that threats of this kind are severe, and that a survivor's fear remains reasonable after she leaves the trafficker's control. *Doe v. Salesforce.Com Inc., No. 2:24-cv-00435-TL, 2024 LX 267136, at *7 (W.D. Wash. Oct. 2, 2024);M.L. v. Craigslist, No. 3:19-6153-BHS-TLF, 2020 LX 51468, at *5 (W.D. Wash. July 8, 2020)* (finding fear reasonable even without allegations of recent threats).

Plaintiff's fear rests on the same footing. A reasonable person in her position would believe that her trafficker, or those associated with him, could act on those threats once a public lawsuit names her.

Plaintiff is also especially vulnerable to retaliation. A district court errs when it fails to consider the anonymous party's vulnerability to retaliation as a factor. *See Advanced Textile*, 214 F.3d at 1068. Plaintiff was a child when her traffickers began

selling her for sex, and her trafficker controlled her for years through force, fraud, and coercion. The vulnerability factor protects exactly this kind of survivor: one exploited as a child who still fears the person who exploited her.

**B. The Litigation Requires Disclosure of Matters of the Utmost Intimacy.**

This case requires Plaintiff to disclose that she was forced into sexual conduct against her will through physical violence and emotional manipulation. Revealing a survivor's identity would leave her "particularly vulnerable to being stigmatized or discriminated against in employment or other social aspects of life." *M.L,* 2020 LX 51468, at *5.

**C. Defendants Suffer No Prejudice.**

Plaintiff will disclose her true identity to defense counsel under a protective order. When a plaintiff agrees to that safeguard, defendants suffer no material prejudice from a pseudonym. The Ninth Circuit directs district courts to use protective orders under Rule 26(c) to preserve anonymity "to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Any knowledge defendants have of a plaintiff's identity "only lessens their claims to be prejudiced by the use of pseudonyms." *Id*. at 1069 n.11.

Plaintiff agrees to provide her identity subject to a stipulated protective order. This arrangement gives Defendants everything they need to investigate and defend the claim.

**D. The Public Interest Favors Anonymity.**

A pseudonym "does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Advanced Textile*, 214 F.3d at 1068-69. The public's interest also runs in the other direction. "The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato, No. CV10-5154 MEJ, 2011 U.S. Dist. LEXIS*

*51681, at *7 (N.D. Cal. May 13, 2011).* Permitting a pseudonym serves the public by letting a meritorious case go forward. *Advanced Textile*, 214 F.3d at 1073.

Courts in this Circuit apply these principles to trafficking survivors. In a case against G6 Hospitality, the court observed that "[c]ourts routinely permit trafficking survivors to proceed anonymously given the severity of harm they have suffered and the reasonable fear of retaliation." *Doe v. G6 Hosp'y, LLC, No. 2:25-cv-00358-JNW, 2025 LX 512698, at *4 (W.D. Wash. Dec. 3, 2025).*

## II. CONCLUSION

Every *Advanced Textile* factor favors anonymity. Plaintiff's trafficker threatened her with severe bodily injury or death. Her fear of retaliation is reasonable, and she remains vulnerable because she was a child when the trafficking began. This case also requires her to disclose sexual abuse of the most intimate kind. Defendants suffer no prejudice because Plaintiff will disclose her identity to them under a protective order. The public interest favors protecting trafficking survivors who come forward.

Plaintiff respectfully asks the Court to grant this Motion, permit her to proceed under her initials in all public filings and proceedings, and direct the parties to redact her name and other personally identifying information from all public filings.

Dated: 11/16/2026

Respectfully Submitted,

**ANDREOZZI + FOOTE**

*s/Ashley Ventrillo*
Ashley Ventrillo, Esq.
(*Pro Hac Vice*)
Benjamin D. Andreozzi, Esq.
Arizona Bar No. 032636
Nathaniel L. Foote, Esq.
(*Pro Hac Vice*)
4503 North Front Street

Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

The below individual with the firm of Andreozzi + Foote, hereby certifies that I served a copy of the foregoing document upon all entered Counsel through the CM/ECF filing system.

Date: November 16, 2026. *s/Ashley Ventrillo*