Benjamin D. Andreozzi, Esq.
Arizona Bar No. 032636
Nathaniel L. Foote, Esq. (admitted pro hac vice)
Ashley Ventrillo, Esq. (admitted pro hac vice)
**ANDREOZZI + FOOTE**
4503 North Front Street
Harrisburg, PA 17110
(t) 717-525-9124
(f) 717-525-9143
TeamD@vca.law
*Attorneys for the Plaintiff I.G.*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| I.G.,<br><br>Plaintiff,<br><br>v.<br><br>MOTEL 6 OPERATING L.P., G6 HOSPITALITY LLC d/b/a MOTEL 6,<br><br>Defendants. | No. 2:25-cv-03836-JJT<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff I.G. and Defendants Motel 6 Operating L.P. and G6 Hospitality LLC (together, the "Parties"), through counsel, stipulate to and request entry of this Protective Order under Federal Rule of Civil Procedure 26(c). The Parties set out below (1) the types of information eligible for protection, (2) the particularized need for protection of each category, and (3) why that need should be addressed by court order rather than a private agreement.

## I. Nature of the Action

Plaintiff alleges that from 2014 through 2018, when she was a minor, she was sex trafficked by Louis Broadway-Phillips at the Motel 6 located at 4130 N. Black Canyon Highway, Phoenix, Arizona, which Defendants owned and operated. Plaintiff asserts a claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595.

Plaintiff alleges severe physical, psychiatric, psychological, and emotional injuries. Defendants deny liability.

Discovery will reach Plaintiff's whereabouts, communications, and conduct before, during, and after the alleged trafficking. It will also reach law enforcement and prosecution records, Plaintiff's medical and mental health records, criminal records of her trafficker involving other minor victims, and Defendants' policies and personnel records.

## II. Information Eligible For Protection

The following categories, described in general terms, may be designated "CONFIDENTIAL" under this Order:

1. Plaintiff's medical and mental health records. Records of physical, psychiatric, and psychological diagnosis, counseling, and treatment, including trauma treatment.

2. Plaintiff's identity. Plaintiff's full legal name, address, and identifying information.

3. Defendant's non-public business records. Non-public business communications, non-public policies and procedures, and guest registration and payment data.

## III. Particularized Need For Protection

1. Medical and mental health records. Plaintiff has placed her psychiatric and psychological condition at issue, so these records will be central to damages. They may describe sexual exploitation of a minor and its effects in clinical detail. Public disclosure would cause Plaintiff renewed trauma and stigma, and the threat of exposure could deter her from candid treatment going forward.

2. Plaintiff's True Identity. Plaintiff has moved to proceed by her initials, and Defendants do not presently oppose that motion, though Defendants reserve the right to

object to Plaintiff proceeding under a pseudonym if they learn of new information undermining Plaintiff's stated reasons for proceeding pseudonymously. Without protection, production of identifying documents and the release of Plaintiff's True Identity could expose a survivor of child sex trafficking to harassment, retaliation, and public identification.

3. Defendants' non-public business records. Disclosure of Defendants' non-public business records, including internal communications, policies and procedures, and guest registration and payment data could cause Defendants competitive harm.

**IV. Need For A Court Order Rather Than A Private Agreement**

A private agreement is inadequate here for three reasons:

1. Non-parties must produce, and only the Court can bind their records. Much of the protected information will come from non-parties, including medical providers and law enforcement agencies. A private contract between Plaintiff and Defendants gives those producers no enforceable assurance. A court order gives them a basis to produce and gives the Court a mechanism to resolve their objections.

2. The pseudonym and sealing protections require judicial enforcement. Plaintiff's pending pseudonym motion and any request to file confidential material under seal require judicial action. A single order keeps the identity protections and the discovery protections consistent.

3. Enforcement must reach persons beyond the Parties. Experts, consultants, court reporters, vendors, and any later-joined parties will handle protected material. A court order binds them through the acknowledgment in Exhibit A and allows the Court to remedy violations through sanctions and contempt, which no private agreement can provide.

**V. Designation**

This Order governs all documents, testimony, and information produced in this action by any Party or non-party and designated under this Order. A producing party may designate as CONFIDENTIAL information within the categories in Section II that it believes in good faith warrants protection. An inadvertent failure to designate does not waive protection if corrected promptly in writing. The receiving party shall then treat the material as designated.

**VI. Access and Use**

Protected material shall be used solely to prosecute, defend, or settle this action. CONFIDENTIAL material may be disclosed only to:

a. the Court and its personnel;

b. counsel of record and their staff, including any employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

c. the Parties and the officers or employees, including former officers or employees, of a Party who need it for this action;

d. retained experts and consultants who sign Exhibit A;

e. adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses in this action;

f. court reporters, videographers, and litigation vendors who sign Exhibit A;

g. mediators who sign Exhibit A;

h. the author or a recipient of the document;

i. any potential, anticipated, or actual fact witness, and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts and if these individuals sign Exhibit A. Plaintiff's true identity must not be disclosed to a Plaintiff's known

trafficker or Plaintiff's trafficker's known affiliates, unless the Parties follow the procedures in paragraph (j) below; and

j. Plaintiff's known trafficker or plaintiff's trafficker's known affiliates and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that disclosure of Plaintiff's True Identity is permitted only after providing 10 days advance notice to Plaintiff's counsel; and

k. The Parties are prohibited from disclosing Plaintiff's True Identity to any person or entity other than those listed in this Stipulated Protective Order. If the Parties believe they have good cause to make a disclosure that is not authorized under the terms of this Stipulated Protective Order, they may bring a motion to the Court for an order allowing disclosure.

**VII. Plaintiff's True Identity.**

Within three (3) days of entry of this Order, Plaintiff's counsel shall disclose Plaintiff's full legal name to Defendants, designated CONFIDENTIAL. No person bound by this Order shall publish Plaintiff's name or identifying information, except as this Order permits.

**III. Filing Under Seal**

Plaintiff shall be identified as "I.G." in all public filings. A party seeking to file protected material shall comply with this Court's Local Rules governing sealing and redaction. This Order does not itself authorize filing under seal.

**IX. Challenges To Designations**

A party may challenge a designation at any time. The Parties shall first meet and confer in good faith. If they cannot resolve the dispute, the challenging party may bring the matter before the Court under the Local Rules and the Court's procedures. The

designating party bears the burden of justifying the designation. The material retains its designation until the Court rules.

**X. Unauthorized Disclosure**

A receiving party that learns of an unauthorized disclosure shall promptly notify the designating party, retrieve all copies, inform the recipients of this Order, and ask them to sign Exhibit A.

**XI. Duration And Modification**

This Order survives final disposition of this action. The Court retains jurisdiction to enforce it. Any Party may move to modify it for good cause. Nothing in this Order waives any objection to discovery or to the admissibility of evidence.

**IT IS SO STIPULATED.**

Date: November 19, 2026.

Respectfully Submitted,

**JONES DAY**

/s/ Kristina K. Cercone
Kristina Katz Cercone (*Pro Hac Vice*)
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: 312.782.3939
Email: kcercone@jonesday.com

Andrew J. Clopton (*Pro Hac Vice*)
150 West Jefferson, Suite 2100
Detroit, MI 48226
Telephone: 313.733.3939
Email: aclopton@jonesday.com

*Attorneys for Motel 6 Operating L.P. and G6 Hospitality LLC*

**ANDREOZZI + FOOTE**

/s/Ashley Ventrillo
Ashley Ventrillo, Esq.
(*Pro Hac Vice*)
Benjamin D. Andreozzi, Esq.
Arizona Bar No. 032636
Nathaniel L. Foote, Esq.
(*Pro Hac Vice*)
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143

*Attorneys for Plaintiff*

**EXHIBIT A**

**Acknowledgment and Agreement to Be Bound**

I, ______________, declare under penalty of perjury that I have read and understand the Stipulated Protective Order entered in *I.G. v. Motel 6 Operating L.P.,* No. 2:25-cv-03836-JJT (D. Ariz). I agree to comply with it, to use protected material only for this action, and to submit to the jurisdiction of the United States District Court for the District of Arizona to enforce it, even after this action ends.

**Date: ________________________**

**Signature: ____________________**

**Printed name: _________________**